UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>GREGORY FRANK SPEROW,<br><br>Defendant-Movant. | Case No. 1:12-cv-00158-BLW<br>1:06-cr-00126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Gregory Frank Sperow's ("Sperow") Motion for Copy of Reporter's Transcripts (Dkt. 3). Sperow requests a copy of the transcripts of the change of plea hearing held on September 3, 2008; the sentencing hearing held on June 17, 2009; and the continued sentencing hearing held on June 25, 2009. *See* Dkts. 665, 680, and 870. Sperow contends he needs the transcripts to prepare his Memorandum, Points and Authorities in support of his pending 28 U.S.C. § 2255 Motion.

The Government has filed a Response (Dkt. 5) indicating that it is in the process of ordering the transcripts for the change of plea hearing and the June 17, 2009 sentencing

hearing and noting that the transcript of the June 25, 2009 continued sentencing hearing was previously prepared and filed on September 10, 2009. *See Dkt.* 949. It has no objection to providing Sperow with copies of the transcripts.

The Court will direct the Clerk of Court to forward a copy of the transcript of the June 25, 2009 sentencing hearing to Sperow. However, Sperow is not entitled to the other two transcripts at this time absent the Government's ordering them.

A federal prisoner does not have an absolute right to any transcripts of his criminal proceedings in order to prepare a § 2255 motion. *See United States v. MacCollum*, 426 U.S. 317 (1976). However, as Sperow correctly notes, after a § 2255 motion is filed, a transcript may be furnished to a prisoner at Government expense *if* (1) the prisoner is entitled to proceed *in forma pauperis*, *and* (2) the Court certifies that the claim raised in the § 2255 proceeding is not frivolous and the transcript is needed to decide the motion. *See* 28 U.S.C. § 753(f) (emphasis added). Neither of the two conditions has been met in this case.

Sperow has not requested *in forma pauperis* status. He has merely stated that he "continues in his forma pauperis status" based on the Court's previous determination that he was indigent. *Motion* at 1. There is no fee for filing a § 2255 motion. Therefore, there is no need to file an *in forma pauperis* affidavit at the commencement of the § 2255 proceeding. However, it is advisable to file it so there will be no need for an indigency adjudication later in the proceedings if it becomes necessary to appoint counsel or grant

Defendant any other rights to which an indigent is entitled such as provision of transcripts. *See* Advisory Committee Notes to Rule 3 of Rules Governing Section 2255 Proceedings.

The Court will direct the Clerk of Court to send Sperow a Prisoner Application to Proceed *in Forma Pauperis* form. He should return the completed form to the Court together with the required prisoner trust account statement as directed on the form. Even if Sperow were to apply and qualify for *in forma pauperis* status, however, the Court cannot make the requisite certification that the transcripts of the plea hearing and the June 17, 2009 sentencing hearing are necessary to decide the issues presented in the § 2255 Motion.

Sperow has not alleged ineffective assistance of counsel at the plea hearing or any claims involving the plea itself. Therefore, the plea hearing transcript is not necessary to resolve a pending issue.

Sperow has alleged several claims of ineffective assistance of counsel pertaining to the sentencing portion of the proceedings. For example, he alleges ineffective assistance of counsel for failing to challenge the Court's reliance on certain factors increasing the offense level under the Sentencing Guidelines (Claim 7), for failing to challenge allegedly erroneous amounts of marijuana and methamphetamine attributed to him in the Presentence Report (Claims 8 and 9), for failing to file objections to the Presentence Report (Claim 10), for failing to notify the Court that the Presentence Report was "factually inaccurate and fundamentally defective" (Claim 11), for failing to challenge the

MEMORANDUM DECISION AND ORDER - 3

sentence disparity between him and his co-Defendants (Claim 13), and for failing to bring to the Court's attention at sentencing that it did not properly credit him with time served in a previous sentence (Claim 17).

The June 25, 2009, sentencing hearing transcript (which has already been prepared and is being provided to Sperow) clearly indicates that the Court did not sentence Sperow under the Sentencing Guidelines which may render Sperow's claims of ineffective assistance of counsel pertaining to Sentencing Guideline issues moot. Rather, the Court sentenced him pursuant to the binding Plea Agreement entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C). *See 6/25/09 Sent. Tr.* at 13-14; 18-19. Furthermore, the transcript contains a lengthy discussion of the Court's computation of the credit for the prior sentence as well as the Court's discussion of disparity issues. *Id.* at 5-10 (credit for prior sentence); 17-18 (disparity).

Because the June 17, 2009 sentencing transcript does not appear to be required to resolve the sentencing claims and Sperow did not raise any plea hearing issues, the Court will deny the Motion for Transcripts as to the change of plea hearing and the June 17, 2009 sentencing hearing. However, the Court will direct the Clerk of Court to forward to Sperow copies of the two transcripts if they are ordered by the Government to defend the § 2255 Motion. In other words, Sperow is not entitled at this time to those transcripts under 28 U.S.C. § 753(f), but the Court will order that he be provided a copy of each transcript requested by the Government.

The Government has also filed a Motion for Order Concerning Attorney-Client

MEMORANDUM DECISION AND ORDER - 4

Privilege and Motion to Stay the Instant Proceedings (Dkt. 4). The Court will reserve ruling on the Motion for Order Concerning Attorney-Client Privilege until Sperow has had an opportunity to respond. However, pending resolution of the attorney-client privilege motion and preparation of the transcripts, the Court will grant the Motion to Stay its Order dated March 29, 2012 directing a response within thirty (30) days.

## ORDER

**IT IS ORDERED:**

1. Sperow's Motion for Copy of Reporter's Transcripts (Dkt. 3) is **GRANTED IN PART**. The Motion is **DENIED** with respect to the plea hearing and the June 17, 2009 sentencing hearing.

2. The Clerk of Court shall provide to Sperow:

    a. A copy of the transcript of the June 25, 2009 continued sentencing hearing filed on September 10, 2009 appearing at Dkt. 949.

    b. A copy of the transcripts requested by the Government of the change of plea hearing and the sentencing hearing of June 17, 2009 when they become available on CM/ECF.

    c. A Prisoner Application to Proceed In Forma Pauperis form.

3. The Court's Order (Dkt. 2) of March 29, 2012, directing the Government to file a Response to the § 2255 Motion within thirty (30) days of that Order is **STAYED** until further notice.

DATED: **April 25, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court