UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　v.<br><br>GREGORY FRANK SPEROW,<br><br>　　　　　Defendant-Movant. | Case No. 1:12-cv-00158-BLW<br>　　　　1:06-cr-00126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are the Government's Motion for Order Concerning Attorney-Client Privilege and to Stay the Instant Proceedings (Dkt. 4), Sperow's Application for Leave to Proceed in Forma Pauperis (Dkt. 7), and Sperow's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Motion for Transcripts (Dkt. 9).  The Court will grant the Government's Motion and Sperow's Application for Leave to Proceed in Forma Pauperis, deny Sperow's Motion to Amend, and find Sperow's Motion for Transcripts to be moot.

A.     **Motion for Order Concerning Attorney-Client Privilege and Stay**

Based on Sperow's several claims of ineffectiveness assistance of counsel arising out of attorney Philip H. Gordon's representation during multiple phases of the underlying criminal case, the Government requests that the Court declare a limited waiver of the attorney-client privilege so that it may meaningfully respond to Sperow's claims of ineffective assistance of counsel.  Sperow has not responded to the Motion.

A party implicitly waives the attorney-client privilege when he files a lawsuit putting in issue communications otherwise privileged if upholding the privilege would deny the opposing party access to relevant facts.  *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999).  "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  Indeed, this implied waiver – sometimes known as the "fairness principle" – prevents use of the privilege as both a shield and a sword.  *Id*. at 719 (citations omitted).  If the party holding the privilege does not wish to disclose the requested privileged information, he has the option of abandoning the claim that gives rise to the implied waiver.  *Id*. at 721.

Being mindful of the dictates of fairness, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the allegations of ineffective assistance of counsel.  *Id*. at 720.  Accordingly, the district court may impose limitations and conditions regarding the information to be disclosed.  *Id*. at 721.  Should the party

MEMORANDUM DECISION AND ORDER - 2

receiving the privileged information not wish to be bound by the limitations, then that party, before disclosure, "is free to reject the materials and litigate without them." *Id*.

In his § 2255 Motion, Sperow alleged sixteen claims of ineffective assistance of counsel. The Court must resolve those claims utilizing the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, giving strong deference to the choices of counsel, it must decide whether counsel's performance was deficient, and, if so, whether Sperow was prejudiced by the deficient performance. *Id*. at 688. In addressing the deficient performance prong of the *Strickland* standard, the Court must determine whether a challenged decision was sound trial strategy and, therefore, virtually unchallengeable. *Id.* at 690.

As the Government contends, without knowing the extent of the communications surrounding the alleged ineffective assistance, the advice of counsel, and any discussions regarding counsel's actions or inactions, it cannot respond meaningfully to Sperow's allegations. In order to respond to or rebut Sperow's allegations, therefore, fairness compels a decision to allow the Government to discuss the claims and motivations for the challenged actions with defense counsel. *See, e.g., Harrison v. United States*, 2011 WL 1743738 at *5 (D. Haw. May 6, 2011) ("In order to rebut Petitioner's allegations that Petitioner's counsel provided ineffective assistance, the Government is entitled to discuss with Petitioner's counsel what rational (sic), if any, motivated the decisions of which Petitioner now complains. *Strickland* requires no less."); *United States v. Curiel*, 2011 WL 940051 at *2 (E.D.Cal. Mar. 16, 2011) (finding the Government entitled to oral and

**MEMORANDUM DECISION AND ORDER - 3**

written information from defense counsel regarding communications pertaining to the Presentence Report ("PSR") in order to respond to movant's claim that he was denied the opportunity to read and review the PSR prior to sentencing).

The Court finds that Sperow has implicitly waived the attorney-client privilege with respect to matters pertaining to his claims of ineffective assistance of counsel. Therefore, the Court will grant the Motion for Order Concerning Attorney-Client Privilege subject to the terms of the Order below.

The Government has also requested that the March 29, 2012 Order (Dkt. 2) requesting the Government to respond to Sperow's § 2255 Motion be stayed until it has had an opportunity to speak with counsel and/or review his affidavit regarding the issues raised in the § 2255 Motion. The Court will grant the Motion to Stay.

**B.    Application for Leave to Proceed** *in Forma Pauperis*

In its April 25, 2012 Order (Dkt. 6), the Court directed Sperow to submit a Prisoner Application to Proceed *in Forma Pauperis* with the required current trust account statement from his Bureau of Prisons institution rather than relying on the Court's previous determination in the underlying criminal proceeding that he was indigent. He has complied with the Order. The Court has reviewed Sperow's submissions and determined that he is entitled to *in forma pauperis* status.

**C.    Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Motion for Transcripts**

    **1.    Motion to Amend**

MEMORANDUM DECISION AND ORDER - 4

Sperow moves for leave to amend Ground Seventeen of his § 2255 Motion and to add Ground Eighteen to allege ineffective assistance of counsel at the plea hearing. He moves pursuant to Fed. R. Civ. P. 15(a) which allows a party to amend a pleading once as a matter of course given that no responsive pleading has yet been filed. *See* Fed. R. Civ. P. 15(a)(1)(B).

The Federal Rules of Civil Procedure apply to § 2255 proceedings to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. *See* Rule 12 of the Rules Governing Section 2255 Proceedings. Therefore, Fed. R. Civ. P. 15 is applicable to the Motion to Amend absent any such inconsistency. One such possible inconsistency is the one-year statute of limitations provision set forth at 28 U.S.C. § 2255(f)(1).

As Sperow correctly alleged in his § 2255 Motion, he had until March 16, 2012 to file his § 2255 Motion based on the denial of his appeal on December 16, 2010 and allowance for the expiration of the 90-day period for filing a petition for a writ of certiorari with the United States Supreme Court. *See United States v. Garcia*, 210 F.3d 1058, 1061 (9th Cir. 2000). Although his initial § 2255 Motion was timely by a few days, his proposed Amended § 2255 Motion was filed two months after the expiration of the statute of limitations.

Fed. R. Civ. P. 15(c) addresses the issue of when an amendment to a pleading relates back to the date of the original pleading. As relevant here, any new claim in the Amended § 2255 Motion would relate back to the date the § 2255 Motion was filed if

"the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. . . ." Fed. R. Civ. P. 15(c)(1)(B).

Construing Rule 15(c) in the habeas context, the Supreme Court has held that an amendment does not relate back to the date of the initial pleading and therefore defeat the one-year statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (finding claim that admission of damaging statements made in response to coercive police tactics violated his Fifth Amendment rights did not relate back to initial claim that the admission of videotaped testimony of a prosecution witness violated his rights under the Sixth Amendment Confrontation Clause).

Here, the requested amendment to Ground Seventeen clearly relates back to the date of filing of the § 2255 Motion. It simply inserts a word omitted from Ground Seventeen in the § 2255 Motion. It does not change the nature of the claim. Rather, it is more in the nature of the correction of a typographical error. However, the requested amendment to add Ground Eighteen presents a different issue.

In his § 2255 Motion, Sperow alleges the above-mentioned sixteen grounds of ineffective assistance of counsel and one ground of procedural denial of assistance of counsel prior to arraignment (Count Twelve). Of those sixteen grounds of ineffective

assistance of counsel, none addresses counsel's performance at the plea hearing.[1]

Sperow's proposed Ground Eighteen claim of ineffective assistance of counsel at the plea hearing is supported by two allegations. The first allegation – that he was "coerced" into accepting a plea agreement because counsel never prepared for trial – is essentially the same as the allegations cited in support of Ground Four (ineffective assistance of counsel for failure to prepare for trial) where he alleged that counsel "continued to goad the Movant toward a plea agreement" rather than preparing for trial. *Amended § 2255 Motion* at 9-D, Dkt. 10 at 14; *§ 2255 Motion* at 9, Dkt. 1 at 10. This new allegation has nothing to do with ineffective assistance of counsel at the plea hearing itself. Although it relates back to Ground Four and is therefore timely, it is duplicative and unnecessary.

The second allegation supporting proposed Ground Eighteen – counsel's failure to

---

[1] Sperow claims of ineffective assistance of counsel are as follows: failure to conduct pretrial investigation (Ground One); failure to motion the Court to suppress specific evidence seized (Ground Two); failure to motion the Court to appoint a forensic accountant, or alternatively use Movant's forensic accountant to document the origin of his assets (Ground Three); failure to prepare for trial (Ground Four); failure to challenge the money laundering counts pursuant to the Supreme Court decision in *Santos* (Ground Five); failure to investigate and prepare for the sentencing phase of the case (Ground Six); failure to raise a meritorious challenge to the district court's reliance on certain factors raising the offense level (Ground Seven); failure to challenge the erroneous amounts of marijuana attributed to him in the PSR (Ground Eight); failure to challenge venue regarding the methamphetamine charged in the predicate acts and attributed to him in the Indictment and the PSR (Ground Nine); failure to object to the PSR (Ground Ten); failure to notice the Court that the PSR was factually inaccurate and fundamentally defective (Ground Eleven); failure to challenge the unwarranted sentencing disparity between him and co-defendants (Ground Thirteen); failure to provide effective assistance of counsel at all stages of his representation (Ground Fourteen); failure to file a notice of appeal on the preliminary order of forfeiture (Ground Fifteen); failure to assert speedy trial rights (Ground Sixteen); and failure to notice the Court at sentencing that it did not properly calculate pre-trial credit and credit on his previous sentence (Ground Seventeen). Although perhaps it is arguable that Ground Fourteen's allegation of ineffective assistance of counsel at "all stages" encompasses the plea hearing, the supporting facts do not refer to the plea hearing.

argue on his behalf when forfeiture issues were raised at the plea hearing – obviously pertains to the plea hearing itself. *Amended § 2255 Motion* at 9-D, Dkt. 10 at 14. However, the facts supporting the proposed claim" differ in both time and type from those in the original pleading . . . ." and do not arise under a "common core of operative facts." The § 2255 Motion contains no allegations regarding counsel's performance at the plea hearing.

The fact that the timely filed claims and the proposed claim all allege ineffective assistance of counsel is not sufficient to defeat the statute of limitations. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) ("It is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial."). *See also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.").[2] Therefore, because Sperow's proposed claim regarding ineffective assistance of counsel at the plea hearing was brought after the statute of limitations had

---

[2] The Ninth Circuit has essentially reached the same conclusion in several unpublished decisions. *See, e.g., United States v. Marulanda*, 226 Fed. Appx. 709 (9th Cir. 2007) (unpublished) (finding that ineffective assistance of counsel claim of referring to the movant's previous trial on the same charge did not relate back to timely filed ineffective assistance of counsel claims of insulting the judge, failing to object to the jury selection process, failing to inform him of his right to testify, and failing to object to the government's use of the word "Columbian" at trial); *Corral v. United States*, 172 Fed. Appx. 213 (9th Cir. 2006) (finding ineffective assistance of counsel claim of failure to advise of consequences of attempting to withdraw plea did not relate back to the timely filed claim of ineffective assistance of counsel claim of failure to object to the elimination of adjustment for acceptance of responsibility).

run, it is time barred.  The Court will deny the Motion to Amend to add Ground Eighteen.

Because it was obvious to the Court that the word "failure" was omitted from Ground Seventeen of the § 2255 Motion, and in all probability obvious to the Government as well, the Court finds that filing an Amended § 2255 Motion simply to add the omitted word to Ground Seventeen is unnecessary and would simply confuse the record.  Therefore, the Court will deny the Motion to Amend in its entirety and direct the Government to respond to the original § 2255 Motion as directed below.

 2. **Motion for Transcripts**

On April 25, 2012, the Court denied Sperow's prior motion for transcripts of the change of plea hearing and the June 17, 2009 portion of the sentencing hearing after determining that they were not necessary to resolution of the claims in the § 2255 Motion. *Order* Dkt. 6.  Sperow has now renewed his motion for transcripts of those hearings.

In response to his first motion for transcripts, the Government advised the Court that it intended to order those transcripts and had no objection to providing copies to Sperow.  The Court's Order denying the motion for transcripts directed the Clerk of Court to send copies of the transcripts to Sperow if and when they became available.  The Government did, in fact, request and bore the cost of the transcripts of the hearings that Sperow again seeks.  As directed in the Court's April 25, 2012 Order (Dkt. 6), the Clerk of Court forwarded him copies of those transcripts promptly after they were filed.  Accordingly, the motion is moot.

## ORDER

**IT IS ORDERED:**

1. The Government's Motion for Order Concerning Attorney-Client Privilege and to Stay the Instant Proceedings (Dkt. 4) is **GRANTED**. Attorney Philip H. Gordon is directed to make himself available at a reasonable time and place to answer material questions regarding Sperow's § 2255 Motion presented by the Assistant United States Attorney, and to produce an affidavit responding to Sperow's allegations of ineffective assistance of counsel within 45 days of this order. If Mr. Gordon possesses any notes, letters, documents, or witness statements that are relevant to the allegations in Sperow's Motion, he is directed to produce copies to the Assistant United States Attorney. If there are disputes about the nature or scope of questions posed to Mr. Gordon, or the relevance of any notes or statements, the parties may return to the Court for further direction consistent with this Order. Any privileged information or documentation provided by Mr. Gordon pursuant to this Order shall be utilized solely for purposes of this § 2255 proceeding. The Government shall file its Response to the § 2255 Motion (Dkt. 1) within thirty (30) days after Mr. Gordon complies with this Order.

2. Sperow's Application for Leave to Proceed *in Forma Pauperis* (Dkt. 7) is

      **GRANTED**.

3.      Sperow's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 9) is **DENIED**.

4.      Sperow's Motion for Transcripts (Dkt. 9) is **DENIED AS MOOT**.

DATED:  **June 15, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge